# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2799

_____

| | | |
|---|---|---|
| Dennis McLin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Board of Police Commissioners, | * | |
| St. Louis Metropolitan Police | * | |
| Department, of the City of St. Louis, | * | |
| MO; Wayman F. Smith, III; Jeff S. | * | |
| Jamieson; Edward Roth; Leslie Bond, | * | Appeal from the United States |
| Sr.; Clarence Harmon; Paul M. | * | District Court for the |
| Nocchiero, individually and in their | * | Eastern District of Missouri. |
| capacities as members of the Board | * | |
| of Police Commissioners, City of | * | [UNPUBLISHED] |
| St. Louis, MO; Charles Mischeaux; | * | |
| Anne-Marie Clark; Matthew Padberg; | * | |
| Robert Harr, individually and in their | * | |
| capacities as former members of the | * | |
| Board of Police Commissioners, the | * | |
| City of St. Louis, MO; Ronald | * | |
| Henderson, individually and in his | * | |
| capacity as Chief of St. Louis | * | |
| Metropolitan Police Department, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 10, 2001
Filed: May 29, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and PIERSOL,[1] District Judge.
_____

PER CURIAM.

Dennis McLin, a St. Louis police officer, brought this 42 U.S.C. § 1983 action against the Board of Police Commissioners, claiming the Board violated his free-speech rights under the First Amendment by suspending him for fifteen days without pay. The discipline was imposed as a result of some of McLin's comments during a workshop on police brutality and racism. His comments, made publicly and reported in the press, included a statement that in St. Louis, many "Billy Bob, tobacco chewing white police officers" are recruited from "Boondocks, Missouri" and lack diversity and racial sensitivity. They also included a statement that "Often abusive officers were sissies in high school and grade school. But when they put on that uniform they are the man they never were before."

The District Court[2] granted summary judgment in favor of the Board. The court applied the familiar framework established by Connick v. Meyers, 461 U.S. 138 (1983), and Pickering v. Board of Education, 391 U.S. 563 (1968). First, the court determined that McLin's above-quoted comments went beyond any matter of public concern, because they amounted to personal attacks on fellow officers. Thus, in the court's view they were not protected speech. In the alternative, the court assumed that the comments in question were protected speech and applied the Pickering balancing test, concluding that McLin's interest in making these comments did not outweigh the Board's interest in promoting the harmonious and efficient operation of the police department by disciplining McLin for making the comments. McLin appeals.

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

For reversal, McLin attacks both aspects of the District Court's ruling. Assuming for purposes of analysis that McLin's comments were protected speech, we reject his argument that the court erred in its application of the Pickering balancing test. Having carefully reviewed this issue, we believe the District Court correctly held, after thorough examination of the various Pickering factors, that the Pickering test tips in favor of the Board. We are satisfied that no genuine issues of material fact exist to preclude summary judgment on this ground and that the Board is entitled to judgment as a matter of law. Accordingly, we affirm. See 8th Cir. R. 47B.

PIERSOL, District Judge, concurring.

I concur with the majority that the Pickering test tips in favor of the Board, but I write separately to address the District Court's error in holding that McLin's comments were not protected speech on a matter of public concern.

If an employee's speech cannot be characterized as constituting speech on a matter of public concern, that is, a matter of political, social, or other concern to the community, federal courts need not even consider the reasons for discipline or discharge of the employee. Connick v. Myers, 461 U.S. 138, 146-147, 103 S. Ct. 1684, 1690, 75 L. Ed. 2d 708 (1983). "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Id., 461 U.S. at 147-148, 103 S. Ct. at 1690. A review of the whole record in this case reveals that McLin's comments addressing police brutality and racial discrimination were in content, form and context a matter of public concern.

Assuming it is not related entirely to a private dispute between the plaintiff and defendant, racism in a public agency is inherently a matter of public concern. See Connick, 461 U.S. at 148 n. 8, 103 S. Ct. at 1691 n. 8 (noting that racial discrimination is a matter inherently of public concern). The content of McLin's speech was of public concern because it was a protest against police abuse and racism.

The context of McLin's comments also reinforces the conclusion that his speech addressed a matter of public interest and concern. McLin's remarks were made in the context of a workshop on police brutality and racism sponsored by the National Black Police Association, of which McLin was the Midwest Regional President. The workshop, held at the AfroCentric Bookstore in St. Louis, was free and open to the public. Approximately 40 people attended, including a representative of the press. McLin was a speaker at the workshop and some of his comments were reported by the St. Louis American newspaper.

The form of a few of McLin's remarks may have been offensive to some individuals, but this Court has emphasized that the offensiveness of a statement is irrelevant to the issue whether a matter is of public concern. See Casey v. City of Cabool, 12 F.3d 799, 803 (8th Cir. 1993); see also Rankin v. McPherson, 483 U.S. 378, 387, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987) ("The inappropriate or controversial character of a statement is irrelevant to the question whether it deals with a matter of public concern.").

In Rankin, supra, an employee of the police department remarked, after hearing that President Reagan was shot, "If they go for him again, I hope they get him." 483 U.S. at 380, 107 S.Ct. at 2894. The Supreme Court held that this disconcerting statement addressed a matter of public concern. Id., 483 U.S. at 388, 107 S. Ct. at 2899. The Court stated, "'[D]ebate on public issues should be uninhibited, robust, and wide-open, and ... may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.'" Id.,483 U.S. at 387, 107 S. Ct. at 2898 (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 270, 84 S. Ct. 710, 721, 11 L. Ed. 2d 686 (1964)). In Casey v. City of Cabool, supra, this Court compared the plaintiff's statements criticizing fire department policies, his remarks accusing the city clerk of using city resources to repair her home, and his allegation that the mayor knew about the city clerk's activities but did nothing, with the statement made about the president by the plaintiff in Rankin, and said, "Nothing that Casey is alleged to have

said could be more disturbing than an expressed desire by a law enforcement employee to see criminal violence inflicted on the president." 12 F.3d at 803. The Court held that Casey's speech addressed matters of public concern. Id.

Although some of McLin's remarks may have been offensive to some people, they were not as offensive as the statement that the Supreme Court found was protected speech in Rankin. In addition, McLin's statements addressed a serious social problem–the link between racism and police brutality. For these reasons, I see no need to assume that McLin's comments addressed a matter of public concern. Since the record clearly supports this conclusion, I would expressly hold that McLin's comments were protected speech.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.